337 So.2d 1014 (1976)
Richard P. IRVING, Appellant,
v.
STATE of Florida, Appellee.
No. 75-716.
District Court of Appeal of Florida, Second District.
September 15, 1976.
Rehearing Denied October 27, 1976.
*1015 Jack O. Johnson, Public Defender, Robert H. Grizzard, II, Asst. Public Defender, and Thomas A. Pobjecky, Research Asst., Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
On this appeal we discuss the requirement under RCrP 3.510 for a trial judge to instruct a jury on "attempts" and "lesser included offenses."
Appellant Irving was charged by information with two counts of aggravated assault and one count of carrying a concealed weapon, arising out of an incident which occurred at the Tarpon Bar in St. Petersburg on November 24, 1974. He was tried by jury, found guilty of one count of aggravated assault and of carrying a concealed weapon and was placed on probation for five years. On appeal, he contends the trial court erred in failing to instruct the jury on attempt to commit the assault, on improper exhibition of a dangerous weapon as a lesser included offense to that charge, and on attempt to carry a concealed weapon. We reverse.
RCrP 3.510 provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
Appellant requested an instruction on both "attempt to commit an aggravated assault"[1] and "attempt to carry a concealed weapon"[2] but his requests were denied by the trial court.
While there may have been doubt as to whether there is such a crime as attempted aggravated assault, State v. White, Fla. 1975, 324 So.2d 630, seems to have resolved this question in Florida. In White the Supreme Court stated:
"The State argues for a definition of assault which does not include victim awareness, on the ground that `bushwhackers' and `backstabbers' would escape punishment if they were unsuccessful in their attempt to inflict injury. The legislature did not intend to allow such acts to go unpunished, however. The general `attempt' statute will reach those *1016 situations." State v. White, supra, at 631.
There was sufficient evidence to support the charge of aggravated assault and the State now agrees the trial judge should have instructed on "attempt to commit aggravated assault." See Ward v. State, Fla. App.4th 1973, 287 So.2d 138. Yet, the State argues the trial court's failure to have done so is not reversible error, since mere violation of a rule of criminal procedure does not mandate a reversal absent a resulting prejudice to the defendant. Cf., Richardson v. State, Fla. 1971, 246 So.2d 771. Moreover, the State argues that since the evidence did support the conviction for aggravated assault and did not legally support the crime of "attempt," that an instruction on attempt was not required. Concluding, as we have, that there can be an attempt to commit an aggravated assault, the requirement for an instruction on attempt became mandatory. This is a Category (2) situation as described in Brown v. State, Fla. 1968, 206 So.2d 377. And, under Brown, supra, whether the evidence did or did not support an attempt is irrelevant. See Lightfoot v. State, Fla.App.2d 1976, 331 So.2d 388, where this court reversed the trial court for failing to give a defendant's requested charge on attempted sale of heroin, notwithstanding the fact that the evidence clearly reflected that any sales of heroin by the defendant were fully consummated.
By the same logic, the trial court erred in failing to instruct on attempt to carry a concealed weapon. We reject the State's position that there is no such crime as an attempt to carry a concealed weapon. This is also a Category (2) offense under Brown and the instruction is mandatory. Since the instruction on attempts were requested by the appellant, the trial court's failure to give them constitutes reversible error. See Lightfoot v. State, supra.
The requirement for the trial judge to instruct on the lesser included offense of "improper exhibition of a dangerous weapon" is also mandated under Brown. Category (4) under Brown comprehends offenses which may or may not be included in the offense charged, depending upon (a) the accusatorial pleading, and (b) the evidence at trial. The necessity to instruct under Category (4) requires that the trial judge must first determine if the information alleges the elements of the lesser offense, albeit such lesser offense is not such an essential ingredient of such offense alleged. If such accusation is present, then the judge must determine whether the evidence supports the allegation of the lesser included offense. Here, the appellant's conviction of aggravated assault was based on a count in the information which charged him with pointing a deadly weapon, to wit a pellet gun, at the operator of the bar in St. Petersburg where the incident occurred. The evidence showed that such gun was exhibited by appellant at the bar in a careless and dangerous manner. While there was a question of whether the pellet gun was a "deadly weapon," in any event, it was a "dangerous weapon." Appellant requested the trial court to instruct that the offense of "improper exhibition of a dangerous weapon,"[3] was, under the circumstances of this case, a lesser included offense in the crime of aggravated assault. In failing to do so, the court committed reversible error.
Accordingly, this cause is reversed and a new trial ordered on both counts of which the appellant was convicted.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] The crime of aggravated assault is a felony of third degree, F.S. § 784.04 (1973) (now F.S. § 784.021). But, where the offense attempted is a felony of the third degree, such an attempt is punishable as a misdemeanor of the first degree, F.S. § 776.04(3) (1973) (now F.S. § 777.04(4)(d)). Hence, the substantial advantage to the defendant is evident.
[2] The crime of carrying a concealed weapon is a first degree misdemeanor, F.S. § 790.01(1). Under F.S. § 776.04, the general attempt statute, if the offense attempted is a misdemeanor of the first or second degree, the person convicted shall be guilty of a misdemeanor of the second degree punishable as provided in F.S. § 775.082 or § 775.083. Again, the advantage of the requested instruction to the defendant is manifest.
[3] Fla. Stat. § 790.10 provides:

If any person having or carrying any dirk, sword, sword cane, firearm, or other weapon shall in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.