BASKIN, Judge.
The state presents the following question:
Whether the trial court erred in dismissing the first degree murder indictment against the defendant on the ground that double jeopardy barred the state from prosecuting the defendant on this charge after he had already pled nolo contendere to a juvenile petition for delinquency based upon the lesser included offense of strong-armed robbery, where at the time defendant entered this plea, the offense of murder was not completed due to the fact that the victim had not yet died?
We answer the question in the negative and affirm. We find the Order of Dismissal entered by the trial court correctly represents the views of this court. We, therefore, adopt that opinion as recited below.
On May 11, 1979, PIERCE ROSEN-THAL, an 88-year old man, was the victim of a strong-armed robbery. During the course of the said robbery, Mr. Rosen-thal suffered a heart attack and was placed in a hospital. On July 16, 1979, Mr. Rosenthal died, allegedly as a result of the heart attack that he suffered during the strong-armed robbery.
On May 25, 1979, BENJAMIN KIRKLAND, a 16-year old male, was arrested and charged with having committed the offense of strong-armed robbery in connection with the above events.
On May 31, 1979, the State Attorney’s Office filed both a Petition for Delinquency charging strong-armed robbery and a Motion for an Order waiving jurisdiction (from Juvenile Court to the Criminal Division of the Circuit Court where adults are tried). On July 5, 1979, the State elected to proceed on the Petition for Delinquency charging strong-armed robbery after withdrawing the Motion to Waive Jurisdiction. This action was taken by the State Attorney’s Office even though they believed, or had serious reason to believe, that Mr. Rosenthal might never recover or recuperate. The fact that the State believed or should have believed that Mr. Rosenthal might never recover is amplified by the portion of the court records which indicate that the State sought and received a delay in the proceedings in Juvenile Court because of Mr. Rosenthal’s physical condition. These facts, coupled with the nature of the offense and Mr. Rosenthal’s age and physical condition, certainly indicated a great likelihood that Mr. Rosenthal would not recover.
The Defendant then entered a plea of Nolo Contendere to the Petition for Delinquency that charged strong-armed robbery. Sentencing was then set for July 19, 1979.
On July 19, 1979, BENJAMIN KIRKLAND was committed to the Department of Health and Rehabilitative Services with an admonishment by the Court that he be confined in State School.
On August 1, 1979, the State Attorney’s Office presented the matter to the Dade County Grand Jury which resulted in the rendition of an Indictment charging BENJAMIN KIRKLAND with first degree murder relating to the death of PIERCE ROSENTHAL.
The record indicates and the State stipulates with Defense counsel that the only basis for the charge of first degree murder is on the theory of the Felony-Murder Doctrine.
*1330 “The Double Jeopardy Clause protects against a second prosecution for the same offense after a conviction. And it protects against multiple convictions for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717 [89 S.Ct. 2072, 2076, 23 L.Ed.2d 656] (1969).
In Brown v. Ohio [432 U.S. 161], 97 S.CL 2221 [53 L.Ed.2d 187] (1977), the U.S. Supreme Court discussed this area of the law by referring to
“. . . the rule that two offenses are the same unless each requires proof that the other does not.”
The Supreme Court went on in the Brown v. Ohio decision to state:
“. . . and as another application of the same rule (this) court cited, [In re Nielsen] 131 U.S. [176], at 190, 9 S.Ct. 672 [at 676, 33 L.Ed. 118], with approval the decision of State v. Cooper, 13 N.J.L. 361 (1833) where the N.J. Supreme Court held that a conviction for arson barred a subsequent Felony-Murder Indictment based on the death of a man killed in the fire . . . Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense.”
The clear holding reflected in Brown v. Ohio, as well as within the numerous cases cited in the Brown v. Ohio opinion, clearly demonstrate that two offenses must each require the proof of one or more elements or facts that the other does not require. Therefore, although it is quite correct, as argued by the State, that the crime of first degree murder contains one fact that is in addition to the elements of robbery (specifically, in proving the first degree murder charge the State would be required to prove the fact and cause of the death of Mr. Rosenthal in addition to proving the elements of the strong-armed robbery), it is equally clear that the robbery does not require the proof of any fact or element that would not also be required to be proved in the first degree murder case.
Since BENJAMIN KIRKLAND has already been “convicted” and punished for the underlying felony of strong-armed robbery, he cannot be prosecuted again for that same robbery. Furthermore, he cannot be convicted and/or punished for the Felony-Murder, since that would amount to prosecuting him again for the underlying felony of strong-armed robbery.
The most recent appellate decision rendered on this point by a court in Florida was issued by the Supreme Court of the State of Florida on July 5, 1979. In that case, State v. Pinder, [375 So.2d 836 (Fla. 1979)], the Court specifically stated that where
“. . murder is charged, but the only evidence to sustain the murder conviction is furnished by proof that the killing occurred as the result of one of the felonies enumerated in Section 782.04(1), we hold that the defendant may not be convicted and punished for both the Felony-Murder [sic] and the underlying felony.”
Why the State withdrew its motion to waive jurisdiction, or otherwise failed to further delay or continue the proceedings until PIERCE ROSENTHAL’S condition and physical future could be either known or reasonably predicted, is speculation that this court cannot and will not indulge in. What is certain and known, however, is that the State made a decision as to what charge they desired to go forward on and in which forum they wished to proceed. The State is now legally obligated to abide by the consequences of that decision, regardless of whether that decision, in retrospect, appears to have been correct or incorrect. The State Attorney’s Office had several choices as to courses of action that they could have followed. This Court has no choice except to follow and apply the clear and decisive decisions of the Supreme Court of the United States and the Supreme Court of the State of Florida which have consistently ruled that prose-cutorial actions, as are being attempted by the State Attorney’s Office in this *1331 case regarding BENJAMIN KIRKLAND, are clearly in violation of Constitutional protections that have been in existence for approximately 200 years. This is not a new and novel legal interpretation. Although the Pinder case, supra, is a recent decision, the other Court decisions, standing for the same principal [sic] of law, rendered by the Supreme Court of the United States and the Supreme Court of the State of Florida, have been in existence for decades, with new decisions being rendered every year consistently standing for this same principal [sic] of law.
When the State Attorney’s Office made its decision to withdraw the Motion to Waive Jurisdiction, and, therefore, to proceed only on the robbery charge, they knew, or should have known, that the law of the State of Florida and of the United States of America would completely, totally, and permanently prohibit them from ever prosecuting BENJAMIN KIRKLAND for murder in connection with the death of PIERCE ROSENTHAL on the theory that such a death may have resulted from a heart attack caused by the said robbery. All of the case decisions referred to herein are merely amplifications and interpretations of the long standing principles of law as provided in the United States Constitution, Florida Constitution, and Rule 3.190(c)(2) of the Florida Rules of Criminal Procedure.
It is, therefore, CONSIDERED, ORDERED AND ADJUDGED that Count One of the Indictment filed herein, solely as it relates to BENJAMIN FRANK KIRKLAND, is dismissed, and the said BENJAMIN FRANK KIRKLAND is discharged in this cause.
DONE AND ORDERED at Miami, Dade County, Florida, this 29th day of August, 1979.
/s/ David L. Lew
DAVID L. LEVY
CIRCUIT JUDGE
The decision of the trial court is affirmed.