386 So.2d 869 (1980)
John Owen WILLARD, Appellant,
v.
STATE of Florida, Appellee.
No. SS-280.
District Court of Appeal of Florida, First District.
August 14, 1980.
*870 Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
MILLS, Chief Judge.
John Owen Willard appeals from judgments finding him guilty of aggravated assault and improper exhibition of a dangerous weapon and the sentences imposed. We affirm in part and reverse in part.
Willard was charged by amended information with one count of aggravated assault contrary to Section 784.021(1)(a), Florida Statutes (1979), and one count of possession of a concealed weapon by a convicted felon, contrary to Section 790.23, Florida Statutes (1979). He waived trial by jury.
At the close of the State's case, the trial judge ruled that the State had failed to establish a prima facie case of possession of a concealed weapon by a convicted felon and he reduced that count to improper exhibition of a dangerous weapon which he believed was a lesser included offense.
The relevant evidence presented to the Judge was that Willard went into a convenience store sometime after 2:00 A.M. and conversed with the clerk. After the clerk returned to sweeping the floor, he looked up and saw Willard walking out of the store with two six-packs of beer under his arm. The clerk went to the door and told Willard to stop, that he could not get beer at that time of the morning. Willard turned and faced him and had what appeared to be the blade of a knife in his right hand. Willard did not say anything and did not step toward the clerk or brandish the knife, but the clerk was afraid that Willard was going to stab him and he returned to the store. The two men had been about four to six feet apart. Willard then drove off.
Another person in the store had gotten the car tag number and the police were able to trace the tag to Willard's residence where the police found Willard and returned him and a companion to the store. The clerk identified Willard and stated that a knife that was found on Willard's companion looked similar to the one pulled on him. He was not able to see the handle at the time Willard was standing outside the store. Willard's companion testified that when he got in the car there was a knife on the seat, he put it in his pocket, and it was *871 removed from his pocket by a person accompanying the police.
The first issue raised in this appeal is the sufficiency of the evidence to support the charge of aggravated assault, a point which was properly preserved below.
An assault is defined in Section 784.011(1), Florida Statutes (1979), as:
an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Willard contends that the evidence failed to establish that he had the apparent ability to do violence or that he committed any act which created a well-founded fear of imminent violence. He was standing four to six feet away and made no move toward the clerk. The simple fact of holding a knife in his hand is, he urges, comparable to the situation in Battles v. State, 288 So.2d 573 (Fla. 2d DCA 1974), where the Court held that the act of pointing a gun at a police officer while emerging from a grocery store robbery was insufficient evidence of assault as a matter of law.
Although we realize that this is a close case, we disagree that the evidence of aggravated assault is insufficient. The ability to do violence was established by the presence of the knife because a knife may be thrown or used anytime it is in a person's possession. As for the commission of an act creating a well-founded fear of imminent violence, we believe that it is not necessary that the knife be brandished or that the perpetrator move toward the victim. Here, the evidence supports the finding that Willard pulled the knife and turned toward the clerk when he was confronted with the accusation of the theft of the beer or the procuring of the beer at an illegal hour. This was, in our opinion, an act which created a well-founded fear of imminent violence on the part of the clerk. Thus, we find the evidence was sufficient to support the conviction for aggravated assault.
Willard's second point on appeal is that it was fundamental error to adjudicate him guilty under Count II of an offense not charged which is not a lesser included offense of the offense charged. We agree.
Brown v. State, 206 So.2d 377 (Fla. 1968), sets forth the categories of lesser included offenses as:
(1) Crime divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. (206 So.2d at 381)
Willard was charged with carrying a concealed weapon by a convicted felon and convicted of improper exhibition of a dangerous weapon. The only possible category which might apply here is Category IV, but it can readily be seen that the allegation that a weapon was concealed does not include the element of exhibition of that weapon.
The State contends that Willard waived the right to raise this issue on appeal because of his failure to object in the trial court. Clark v. State, 363 So.2d 331 (Fla. 1978). Willard admits that he failed to object, but urges that fundamental error occurred. We agree.
The facts here are similar to those in Grange v. State, 371 So.2d 723 (Fla. 1st DCA 1979), where this Court, subsequent to Clark, reversed a conviction for sexual battery without consent by use of physical force and violence not likely to cause serious personal injury where the defendant had been charged with committing sexual battery without consent by threatening to use physical force and violence likely to cause serious personal injury. The State's reliance on McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971), is misplaced because there counsel for defendant induced the very error complained of on appeal. Such is not the case here. Nor is this a situation such as that in Odom v. State, 375 So.2d 1079 (Fla. 1st DCA 1979), where defense counsel participated and acquiesced in the *872 decision to give an erroneous charge to the jury.
The record in this case does establish that counsel acquiesced in the court's ruling, but the record also establishes that the determination that improper exhibition of a dangerous weapon was a lesser included offense and the decision to adjudicate Willard guilty of that offense was arrived at independently by the trial judge and announced to counsel. There was no participation in that decision by counsel, let alone an inducement to so decide.
Accordingly, we AFFIRM the judgment and sentence for aggravated assault, and we REVERSE the judgment for improper exhibition of a dangerous weapon and direct that the sentence be VACATED. In light of our disposition of the second point on appeal, we need not rule on the remaining issue.
McCORD and WENTWORTH, JJ., concur.