402 So.2d 1222 (1981)
Marvin Wayne STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1302.
District Court of Appeal of Florida, Fifth District.
July 22, 1981.
Rehearing Denied September 2, 1980.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Stone entered a nolo contendere plea and appeals from the trial judge's denial of his motion to dismiss because his prior conviction and sentence barred his current prosecution on double jeopardy grounds.[1] Under the circumstances of this case we agree that the second prosecution was barred by the double jeopardy clause.
Stone was charged by an information with assault[2] and improper display of a dangerous weapon.[3] He pled guilty to improper display, and the trial court on its own motion dismissed the count based on a violation of Section 784.011, Florida Statutes (1979). Stone was convicted and sentenced. Later the State sought to prosecute *1223 Stone pursuant to an earlier separately filed information which charged Stone with aggravated assault.[4] For purposes of the motion to dismiss the attorneys stipulated that both charges are based on Stone's pointing a shotgun, cocking it, and threatening to kill one Mark Steven Holt. Both the informations set out the same factual basis for both counts.
The double jeopardy clause prohibits consecutive prosecutions for the same offense. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Conviction for a lesser included offense will bar a subsequent conviction for the greater offense. The test to determine whether or not double jeopardy applies is whether each statutory offense "requires proof of an additional fact which the other does not ..." Brown v. Ohio, 432 U.S. at 166, 97 S.Ct. at 2227, 53 L.Ed.2d at 194 (quoting Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). Brown involved a defendant convicted of "joyriding" who was subsequently being prosecuted for auto theft. The Ohio courts stated that joyriding was a lesser included offense of auto theft, and the "greater offense" only required the proof of one additional element: intent to permanently deprive an owner of his property.
The test in Brown came from Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In Blockburger a defendant was convicted and sentenced for multiple offenses involving the sale of narcotics. One offense required proof that the sale was not from the original stamped package. Another offense required proof that there was no written order for the sale as required by the statute.
Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not... . A single act may be a offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.
284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.
In this case, the offense of "improper display" may or may not be a lesser included offense of "aggravated assault"[5] because the felony offense may be established by the same proofs necessary to prove the misdemeanor, plus proof that the person threatened was put in fear.[6] However, the misdemeanor may also be established by facts which are not required or elements of aggravated assault  for example, the careless display of a dangerous weapon.[7]
In order to determine whether or not the misdemeanor or other offense is a lesser included offense of the greater one, it is necessary to look at the allegations of the informations and where appropriate, the proofs at trial.[8]
In this case our task is simplified greatly because the parties have stipulated that Stone's threatening Holt with the shotgun was the basis for both offenses. As in Brown v. Ohio, all the State had to do to *1224 prove the felony was to prove one additional element: that Holt was put in fear. In this situation, conviction of the misdemeanor should bar prosecution for the felony because the two offenses do not each require proof of different elements. As the Third District Court of Appeal reasoned in State v. Kirkland, 384 So.2d 1328 (Fla. 3d DCA 1980):
[A]lthough it is quite correct, as argued by the State, that the crime of first degree murder contains one fact that is in addition to the elements of robbery (specifically, in proving the first degree murder charge the State would be required to prove the fact and cause of the death of Mr. Rosenthal in addition to proving the elements of the strong-armed robbery) it is equally clear that the robbery does not require the proof of any fact or element that would not also be required to be proved in the first degree murder case. 384 So.2d at 1330.
Because proof of the misdemeanor in this case required no different element or further proof than the felony, the subsequent prosecution for the felony is barred by the double jeopardy clause. Stone's conviction and sentence for aggravated assault are therefore vacated, and the judgment appealed is
REVERSED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] U.S.Const. Amend. V and Amend. XIV; Art. I, § 9, Fla. Const.
[2] § 784.011, Fla. Stat. (1979).
[3] § 790.10, Fla. Stat. (1979).
[4] § 784.021, Fla. Stat. (1979).
[5] Willard v. State, 386 So.2d 869 (Fla. 1st DCA 1980); Irving v. State, 337 So.2d 1014 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977).
[6] An assault is a "threat ... to do violence ... which creates a well-founded fear ... that such violence is imminent." § 784.011(1), Fla. Stat. (1979).
[7] "If any person having or carrying any ... firearm ... shall ... exhibit the same in a ... careless ... manner... ." § 790.10, Fla. Stat. (1979).
[8] See Borges v. State, 394 So.2d 1046 (Fla. 4th DCA 1981); Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980); Willard v. State, 386 So.2d 869 (Fla. 1st DCA 1980); Irving v. State, 337 So.2d 1014 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla. 1977); Mack v. State, 305 So.2d 264 (Fla. 3d DCA 1974).