901 So.2d 935 (2005)
Carlos BENITEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-697.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
Rehearing Denied May 26, 2005.
*936 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for aggravated assault on a law enforcement officer with a firearm, driving with a suspended driver's license, and driving under the influence. He argues the court erred in denying his motion for judgment of acquittal on the aggravated assault charge. We agree and reverse.
A sheriff's deputy saw a small white pickup truck driving toward him. It had no tail lights. The truck lurched as it proceeded slowly toward him as if the driver was having trouble shifting gears. The deputy turned around to follow the truck. He activated his lights and conducted a traffic stop.
Using the public address system, the deputy directed the defendant to stop his vehicle and turn off the ignition. The defendant stopped and kept his foot on the brake. He did not turn off the ignition.
The deputy exited his patrol car and approached the defendant. He detected a strong odor of alcohol, noticed the defendant's eyes were glassy and bloodshot, and saw several beer cans in the vehicle. Because the defendant did not turn off the ignition, the deputy reached in the truck, turned off the ignition, and removed the keys.
The deputy asked the defendant for his license and registration. The defendant had neither. The defendant told the deputy that a friend owned the truck, but did not know he had taken it. The deputy asked the defendant to open the glove compartment to see if he could locate the registration. At that point, the defendant's demeanor changed. He ignored the instruction and looked straight ahead. The defendant then leaned slightly forward, moved his hand off the gear shift and placed it behind the small of his back.
The deputy testified that such gestures are considered "a danger cue" that police officers are trained to watch for. He ordered the defendant to keep his hands where he could see them, and asked him what he was trying to retrieve. The defendant did not answer and did not remove his hands from the small of his back.
The deputy's concern heightened when the defendant continued to ignore him. He stepped back and started looking in the area where the defendant was keeping his hands. The deputy saw the defendant had something behind his back and became "seriously concerned" that the defendant was arming himself with a weapon. The deputy ordered the defendant to drop what was in his hand. The defendant looked at the deputy with a "blank stare," and then looked behind his back. The deputy testified he was in "absolute fear at that point that something [bad was] about to happen."
At this point, the deputy opened the defendant's door, took control of his left arm, and pushed him into the steering wheel. He looked behind the defendant and saw that his hand was holding a dark-colored pistol. The gun was "almost upside down pointing down at an angle in the open space, it would almostpointed almost *937 directly like my knees pointed in that area behind his back." The defendant was holding the gun "in what would be considered a firing or shooting grip and his hand was rotating down behind his back to where thehis hand and the grip and the handgun itself were all inverted, they were all upside down." It was subsequently learned the gun was unloaded; no bullets were found in the vehicle.
The State charged the defendant with aggravated assault on a law enforcement officer with a firearm, driving under the influence, and driving with a suspended driver's license. At the close of the State's case, the defendant moved for a judgment of acquittal on the aggravated assault charge. He argued the State had failed to prove the defendant's acts caused fear and further failed to show the defendant had the ability to carry out the threat. The court denied the motion. The jury found the defendant guilty on all charges.
"The standard of review for the denial of a motion for judgment of acquittal is whether the verdict is supported by substantial, competent evidence." Perry v. State, 846 So.2d 584, 586 (Fla. 4th DCA 2003). The defendant now argues the trial court erred in denying the motion for judgment of acquittal because the evidence failed to show he threatened the officer by word or act. In essence, he suggests there was no proof of the first element of an "assault."
Section 784.011, Florida Statutes (2004), defines an assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2004). The statute requires proof of three elements: (1) an intentional, unlawful threat; (2) an apparent ability to carry it out; and (3) creation of a well-founded fear that the violence is imminent. See Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997).
Here, there was substantial, competent evidence to support a well-founded fear on the part of the deputy based upon the defendant's lack of responsiveness to the deputy's commands, coupled with his movements, and the existence of an object in the defendant's hand. The real question is whether the defendant intentionally and unlawfully threatened the deputy.
We are extremely mindful of the dangers faced by law enforcement daily even during what appear to be routine traffic stops. We do not underestimate the apprehension experienced by the deputy under the circumstances presented. However, the defendant's act of placing his hand behind his back, while alarming to the deputy, is not substantial, competent evidence the defendant intentionally and unlawfully threatened the deputy.
Assault is a crime which requires intent. The "threat" element addresses the defendant's intent, not the reaction of the person perceiving the word or act. It is the defendant's word or act that must be reviewed to determine whether it constitutes a "threat," not the reaction of the person perceiving the word or act. For this reason, the court should have granted a judgment of acquittal on the aggravated assault charge.
We find no merit in the other issues raised. We reverse the conviction for aggravated assault on a law enforcement officer with a firearm and remand the case to the trial court to vacate that conviction and resentence the defendant on the remaining charges.
Reversed and Remanded.
KLEIN and GROSS, JJ., concur.