ORFINGER, J.
 

 Cameron R. Denard appeals from his convictions and sentences for two counts of robbery with a firearm and three counts of aggravated assault with a firearm. His sole contention on appeal is that the trial court erred in denying his motions for judgment of acquittal. We have carefully reviewed the testimony presented at trial, and conclude that the trial court correctly denied Denard’s motions for judgment of acquittal except as to the single aggravated assault charge involving Javier Solitz.
 

 To establish an aggravated assault, the State must prove that the defendant had the specific intent to do violence to the person of another.
 
 Swift v. State,
 
 973 So.2d 1196, 1199 (Fla. 2d DCA 2008). This threat element addresses the defendant’s intent, not simply the reaction of the person perceiving the act.
 
 Benitez v. State,
 
 901 So.2d 935, 937 (Fla. 4th DCA 2005). In this case, the evidence does not establish that Denard had the specific intent to threaten Solitz. As Denard and his co-defendant approached two of Solitz’s friends menacingly, Solitz rolled under a nearby truck and remained there during the robbery of his two friends. Apparently, the robbers never saw him. While Solitz could see guns, he remained under the truck during the entire incident and no one pointed a gun at him or specifically threatened him.
 

 We reverse the aggravated assault conviction and sentence as it pertains to Javier Solitz and remand to the trial court to vacate that conviction and sentence. All other convictions and sentences are affirmed. Resentencing is not necessary.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 

 PALMER and EVANDER, JJ., concur.