MONACO, C.J.
 

 This is an appeal from the judgment and sentence imposed upon the appellant, Ara-cieo Cambell, after his conviction by a jury of aggravated assault with a deadly weapon,
 
 [1]
 
 possession of a firearm by a convicted felon,
 
 [2]
 
 and carrying a concealed firearm.
 
 [3]
 
 The appeal most specifically centers upon Mr. Cambell’s conviction of aggravated assault with a firearm. After a thorough review, we affirm the judgment and sentence in all respects. Because of some confusion highlighted by the appellant with respect to the elements of the crime of aggravated assault with a deadly weapon, however, we write to express our position on this matter.
 

 The facts adduced, at trial reflect that a law enforcement officer came into contact with Mr. Cambell early one morning when the officer was patrolling in an unmarked police vehicle. The officer noticed six males gathered at a corner. When the officer drove toward the gathering, four of the individuals, including Mr. Cambell, sprinted in the direction of the officer’s vehicle. Mr. Cambell was holding up one hand as if to flag down the vehicle. The officer hit the brakes and could see Mr. Cambell in his headlights. After the officer stopped, Mr. Cambell reached down with his right hand, pulled out a handgun, and pointed it at the officer while hopping or skipping toward him. When Mr. Cam-bell was about 25 feet from the vehicle, he pointed the firearm at the officer. The officer, while ducking, put the vehicle in reverse and activated his flashing lights. The group scattered when the lights came on. Eventually the officer was able to apprehend Mr. Cambell. Although no shots were fired, the officer testified that he was in fear when Mr. Cambell pointed the gun at him in a threatening manner.
 

 At trial the court instructed the jury without objection on the crime of aggravated assault with a deadly weapon by using Standard Jury Instruction 8.2. That instruction, as it relates to the element of the crime, reads as follows:
 

 To prove the crime of Aggravated Assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault.
 

 1. (Defendant) intentionally and unlawfully threatened, either by word or act, to do violence to (victim).
 

 2. At the time (defendant) appeared to have the ability to carry out the threat.
 

 3. The act of (defendant) created in the mind of (victim) a well-founded fear that the violence was about to take place.
 

 4.a. [The assault was made with a deadly weapon],
 

 On appeal Mr. Cambell takes the position that case law, including case law emanating from this court, has added an additional element to the offense. He thus posits that the instruction was fundamentally flawed, and that as a result, a reversal is required. More specifically, Mr. Cambell argues that the case law establishes that the State was required to prove that the accused intended to do physical harm to the victim, in addition to the other elements described above. We conclude, however, that this position is invalid.
 

 
 *950
 
 Section 784.011(1), Florida Statutes (2008), defines an “assault.” That statute declares that:
 

 An “assault” is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent. (Emphasis added).
 

 Section 784.021(1), Florida Statutes (2008), builds upon section 784.011(1) in defining an “aggravated assault.” Section 784.021(1) reads as follows:
 

 (1) An “aggravated assault” is an assault:
 

 (a) With a deadly weapon without intent to kill; or
 

 (b) With an intent to commit a felony.
 

 Nowhere does either statute require as an element of the crime that the accused had to intend to do physical harm to the victim. The only intent inherent in the statutes is the intention to make a threat to do violence. This, of course, is exactly what the standard instruction for aggravated assault requires, and is exactly what the jury trying Mr. Cambell was advised by the trial court. Courts generally do not have the authority to add elements to a crime that has been put in place statutorily by the legislature. We are simply not authorized to abrogate the power of the legislature in this domain by extending or modifying a criminal statute beyond its express terms.
 
 See State v. Burris,
 
 875 So.2d 408, 413-414 (Fla.2004);
 
 Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984).
 

 There are, admittedly, a number of cases that seem to suggest, generally in dicta, that the State is required to prove that the accused intended to physically harm the victim. Mr. Cambell points in particular to
 
 Swift v. State,
 
 973 So.2d 1196 (Fla. 2d DCA 2008), in support of his position. In
 
 Swift,
 
 the appellant moved at trial for a judgment of acquittal on the basis that there was no evidence that he intentionally or knowingly threatened the victim. Briefly, the victim was behind a vehicle being driven by the accused when the accused began to back up. There was, however, no evidence that the accused knew that the victim was behind him. The Second District Court after enumerating the statutory requirements set forth in section 784.011, Florida Statutes, stated that “[i]n order to establish an aggravated assault, the State must prove that the defendant had a specific intent to do violence to the person of another.” Despite this language, the focus of the appellate court was on whether or not there was evidence that Swift
 
 intended
 
 to
 
 threaten
 
 the victim, not whether he intended to do violence to him. Since the appellate court concluded that there was no evidence that Mr. Swift knew that the victim was behind his vehicle before he started to back up in the victim’s direction, its holding was that the State failed to prove that Mr. Swift intended his act of backing the car to be a
 
 threat
 
 to do violence to the victim.
 

 Similarly in
 
 Denard v. State,
 
 30 So.3d 595 (Fla. 5th DCA 2010), this court specifically held that, “In this case, the evidence does not establish that Denard [the accused] had the specific intent to threaten Solitz [the victim].” (Emphasis added). While it might be argued that there is dicta in the opinion that suggests that the State was obliged to prove that the specific intent referenced in the statute was to do violence to the person of another, that language is simply not part of the holding. To be clear, therefore, the view of this court is that there is no additional element of the crime of aggravated assault with a deadly weapon beyond those outlined in the standard jury instruction defining the elements of this crime. The State, there
 
 *951
 
 fore, is not required to prove that the accused intended to do violence to another in a prosecution for aggravated assault with a deadly weapon.
 

 AFFIRMED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 . Section 784.021(a), Florida Statutes (2008).
 

 [2]
 

 . Section 790.23, Florida Statutes (2008).
 

 [3]
 

 . Section 790.01(2), Florida Statutes (2008).