On Motion for Rehearing

Appellant, Pharaoh Nshaka, moved this court for a rehearing after this court remanded his case for retrial due to an erroneous jury instruction and the admission of improper evidence. We deny Nshaka’s motion for rehearing, but issue this supplemental opinion on the issue of resentenc-ing.
In his motion for rehearing, Nsha-ka argued that because his convictions were reversed by our decision to remand the case for retrial, the sentences imposed by the trial court should have been set aside. We agree. In Benitez v. State, 901 So.2d 935 (Fla. 4th DCA 2005), this court remanded a case “to vacate [the] conviction and resentence the defendant.” Id. at 937. If the record conclusively demonstrated that the same sentences would be imposed on retrial, Nshaka would not be entitled to resentencing. See Jones v. State, 901 So.2d 255, 257 (Fla. 4th DCA 2005). However, the record does not indicate as such, and as a result, Nshaka’s original sentence must be vacated and the trial court should resentence him on retrial if he is found guilty.
We deny the motion for rehearing, but direct the trial court to resentence Nshaka in accordance with the outcome of the retrial.

Rehearing Denied; Remanded, with Directions.