**J.S., a Child, Appellant,**

v.

**STATE of Florida, Appellee.**

**Nos. 4D14–3775, 4D14–4031, 4D14–4032 and 4D14–4033**

District Court of Appeal of Florida,
Fourth District.

[January 4, 2017]

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Cynthia L. Comras, Assistant Attorney General, West Palm Beach, for appellee.

Lee, Robert W., Associate Judge.

The appellant was adjudicated delinquent for the charge of burglary with assault while armed. The appellant timely appeals the trial court's decision, as well as three violation-of-probation petitions which have been consolidated into this appeal. Specifically, the appellant challenges the trial court's determination that all the elements of the crime of assault were proven. Because we agree that the evidence was insufficient to prove all elements of the crime of assault, we reverse.

### Facts

Between 1:30–2:00 a.m., the victim in this case heard noise behind his home which also housed his auto-repair business. When he came outside to investigate, he saw one of his trucks moving because someone was yanking the hitch of the vehicle. The victim approached the vehicle and noticed the appellant touching the truck.

As the victim got closer to the truck, he noticed a second person at a different vehicle. Because of the positioning of the vehicles, the victim was now between the two burglars. The appellant dropped to his knees while the other burglar began to approach the victim. At this point, the victim raised his personal firearm, scaring off the second burglar who began to run away.

While brandishing his own firearm, the victim then approached the first burglar who was now on the ground. He saw the appellant "moving his right arm towards something, like he's going to grab something." The victim thought it might be a weapon and became afraid. Before the ap-

pellant was able to reach anything, the victim reached down and removed what turned out to be a weapon—a pellet gun—from the appellant's waist. This was the first point at which the victim actually saw the weapon. At the delinquency hearing, the victim acknowledged that he did not know what the appellant was doing in reaching for his waist, but assumed the "wors[t] case scenario." The victim further testified that the appellant never threatened him. The victim held the appellant at gunpoint on the ground until the police arrived.

The State ultimately charged appellant with burglary with assault or battery while armed, as well as carrying a concealed weapon. The case proceeded to a delinquency hearing. After the State rested, and then again after the close of evidence, the appellant moved for a judgment of dismissal, arguing that the crime of assault was not proven because there was no evidence of a threat. These motions were denied, and the trial court found appellant delinquent on both charges.

On appeal, the juvenile argues that his adjudication of delinquency for the charge of burglary of conveyance with assault while armed should be reversed, and the case remanded for the trial court to instead sentence him on the charge of burglary of a conveyance with a weapon, for which he concedes evidence of all the elements was introduced.

### Analysis

■ The denial of a motion for judgment of dismissal in a juvenile case is *de novo*. If upon viewing the evidence in the light most favorable to the State we find the evidence does not support the juvenile's guilt, we must reverse. *D.J.D. v. State*, 143 So.3d 1115, 1118 (Fla. 4th DCA 2014).

■ Under Florida law, the crime of assault is comprised of three elements: (1) an intentional, unlawful threat by word or

act; (2) an apparent ability to carry out the threat; and (3) creation of a well-founded fear that violence is imminent. § 784.011, Fla. Stat. (2014). The issue in this case is focused on the first element: did the appellant intend to threaten the victim?

In this case, there is no evidence that appellant verbally "threatened" the victim. The case therefore rises or falls on whether there was an overt act that the juvenile intentionally threatened the victim.

The appellant argues that there was insufficient evidence of a word or overt act constituting a threat based on his intent. He relies on the testimony that he was only reaching towards his waist and never actually drew or pointed the pellet gun at the victim. He further argues that the pellet gun was concealed, and the victim did not see it until the victim seized it.

On the other hand, when focusing on the issue of an "intentional threat," the State relies on the evidence showing that the juvenile reached for something around his waist area, which was ultimately revealed to be a pellet gun. The State, in essence, argues that an intention to threaten, and the threat itself, can be inferred from this action.

When determining whether the first element of the crime of assault is met, the focus is the perpetrator's intent and "not the reaction of the person perceiving the word or act." *Benitez v. State*, 901 So.2d 935, 937 (Fla. 4th DCA 2005). Therefore, we must consider the appellant's actions—rather than the victim's fear—to determine whether the evidence shows a sufficient act or acts from which we can infer an intentional threat.

Florida case law presents several cases in which the appellate court discusses the requirement of an intentional threat as an element of the charge of assault. *See, e.g., Denard v. State*, 30 So.3d 595, 596 (Fla. 5th DCA 2010); *Benitez*, 901 So.2d at 937;

*Lifka v. State*, 530 So.2d 371, 375 (Fla. 1st DCA 1988); *Battles v. State*, 288 So.2d 573, 574–76 (Fla. 2d DCA 1974). The case most clearly on point is *Benitez*, upon which the appellant heavily relies.

In *Benitez*, the officer pulled over a vehicle after he observed it operating without tail lights. 901 So.2d at 936. As the officer walked up to the vehicle, the driver acted suspiciously and moved his hand behind his back. *Id.* The officer became "seriously concerned" and was in "absolute fear." *Id.* The officer managed to open the door of the vehicle and restrain the driver. *Id.* After he did so, "[h]e looked behind the defendant and saw that his hand was holding a dark-colored pistol." *Id.* The pistol had been pointed at the officer's knees. *Id.* at 936–37. The defendant was ultimately charged with and convicted of a form of assault. *Id.* at 936. In focusing on the element of intent to threaten, this Court on appeal held that "the defendant's act of placing his hand behind his back, while alarming to the deputy, is not substantial, competent evidence that the defendant intentionally and unlawfully threatened the deputy." *Id.* at 937. Accordingly, this Court reversed the conviction. *Id.*

We find the instant case to be indistinguishable from *Benitez* on any meaningful point. In both cases, the eventual defendant was stopped by a person with some sort of power or authority over him (the officer in *Benitez*; the victim in the instant case who had drawn his own weapon). In both situations, the eventual defendant moved his hand in a manner which caused a well-founded fear in the person restraining him. And in both situations, it was unclear until after the potential danger was under control what exactly the danger might have been. Just as in *Benitez*, while the appellant might have been threatening to the victim (that is, actually caused him fear), he did not intentionally threaten him (that is, intended to cause him fear). *See*

*Benitez*, 901 So.2d at 937 (focusing on the intent of defendant when determining whether a threat occurred); *cf. Adkins v. State*, No. 2–01–288–CR, 2003 WL 1524138, at *8–11 (Tex. App. Mar. 24, 2003) (finding intent to threaten existed for purposes of assault when defendant retrieved club from vehicle and then approached officer with club in hand raised at officer).

The State relies on reported cases from other districts in which the issue on appeal was not the intent to threaten, but rather the other elements of the crime of assault. *See L.R.W. v. State*, 848 So.2d 1263, 1265–66 (Fla. 5th DCA 2003) (examining whether there was evidence of a well-founded fear); *Willard v. State*, 386 So.2d 869, 871 (Fla. 1st DCA 1980) (examining whether there was an overt act which created a well-founded fear of imminent violence). As a result, they are clearly distinguishable and inapplicable to the issue before this Court.

The instant case ultimately turns on the fact that, even in viewing the evidence in the light most favorable to the State, no evidence was introduced that would support a finding that the appellant intentionally threatened the victim as opposed to a finding that the victim had a well-founded fear. As such, the adjudication of delinquency on the charge of burglary of a conveyance with assault while armed is hereby reversed and the case remanded with instructions to resentence the appellant on the charge of burglary of a conveyance with a weapon and to take such further actions as are consistent with this opinion.

*Reversed and Remanded.*

Ciklin, C.J., and Taylor, J., concur.