DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RODNEY THOMAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-935

[May 20, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 502017CF002986AXXXMB.

Carey Haughwout, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Rodney Thomas appeals his conviction for burglary with an assault or battery, possession of burglary tools, and grand theft from a dwelling, for which he received a life sentence as a prison releasee reoffender. He raises eight issues on appeal, none of which require reversal of his convictions. We write on the first issue to align ourselves with *Pinkney v. State*, 74 So. 3d 572 (Fla. 2d DCA 2011), holding that intent to do violence to the victim is not an element of assault. Instead, the State must prove that the defendant committed an intentional act which would put the victim in fear of imminent violence.

An eighty-year-old woman returned home one evening to find her bedroom in disarray and a man crouching near a bureau. She yelled at him, and he threw a very large glass bottle at her. She dodged the bottle and it hit the wall and shattered. The man escaped. Appellant was apprehended near the scene with a bag of jewelry which the victim identified as belonging to her.

After the presentation of evidence at trial, appellant moved for a judgment of acquittal arguing, among other matters, that the State had failed to prove that the glass bottle was thrown with the intent to threaten violence to the victim. The court denied the motion, and appellant was convicted on all charges. He appeals.

Appellant was charged with burglary with an assault or battery under section 810.02(1) and (2)(a), Florida Statutes (2017), which provides:

> 810.02 Burglary.-
>
> . . . .
>
> (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment . . . if, in the course of committing the offense, the offender:
>
> (a) Makes an assault or battery upon any person . . . .

Section 784.011(1), Florida Statutes (2017) defines "assault" as:

> An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.

Thus, to enhance the burglary charge, the State had to prove that appellant committed an assault during the course of the burglary.

On appeal, appellant argues the State failed to prove an assault, because there was no evidence of his intent, contending that an intentional threat to do violence to the victim is an essential element of assault. His act of throwing the glass could have been simply a diversion to allow his escape and not an intent to harm the victim. He cites to *State v. Shorette*, 404 So. 2d 816 (Fla. 2d DCA 1981). However, the Second District receded from *Shorette*, in *Pinkney v. State*, 74 So. 3d 572, 576 (Fla. 2d DCA 2011). It held:

> Section 784.011(1) requires proof of an intentional threat that creates a fear of imminent violence. Thus, to satisfy the intent element the State must prove that the defendant did an act that was substantially certain to put the victim in fear of

2

imminent violence, not that the defendant had the intent to do violence to the victim.

Similarly, in *Campbell v. State*, 37 So. 3d 948, 950 (Fla. 5th DCA 2010), the court construed the statute and said:

[n]owhere does either statute [section 784.011 and 784.021] require as an element of the crime that the accused had to intend to do physical harm to the victim. The only intent inherent in the statutes is the intention to make a threat to do violence.

Applying these holdings to this case, the State did not have to prove that appellant had the specific intent to do violence to the victim when he threw the bottle at her. All the State had to show was that Thomas did an act that was substantially certain to put the victim in fear of imminent violence. The trial court did not err in denying the judgment of acquittal.

Appellant cites to *Lavin v. State*, 754 So. 2d 784, 787 (Fla. 3d DCA 2000), which cites to *Shorette* for the proposition that "[a]ggravated assault requires proof of a specific intent to do violence to the person of another." *Lavin* was decided prior to *Pinkney* or *Campbell*. Further, the statement was not a holding of the case, which involved the admissibility of evidence of post-arrest threats to the victim and police officers. Therefore, we deem it inapplicable.

As the remaining issues raised are either not error or are harmless beyond a reasonable doubt, we affirm without further comment, see *State v. DiGuilio,* 491 So. 2d 1129 (Fla. 1986), with the exception of Appellant's claim of fundamental error. He argues that the trial court discussed and answered jury questions in his absence, violating his right to be present at all crucial stages of the proceedings. However, appellant opted to be away from court for some medical treatment. Before he left he discussed his right to be present with his attorney. After that discussion, his attorney waived his presence during jury deliberations. Further, appellant does not argue that the court's answers to the jury's purely legal questions, were erroneous, and in any case his counsel was present and did not object. Thus, no error, fundamental or otherwise, occurred. *See Meek v. State*, 487 So. 2d 1058 (Fla. 1986).

For the foregoing reasons we affirm appellant's conviction and sentences.

DAMOORGIAN and KUNTZ, JJ., concur.

3

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*