OWEN, Chief Judge.
An automobile operated by appellant struck another automobile, causing the death of its driver. Appellant was charged with manslaughter (1) by driving while intoxicated, and (2) by culpable negligence. At the close of the state’s case, the court granted appellant’s motion for judgment of acquittal on the count involving intoxication. The culpable negligence count went to the jury which returned a verdict of guilty as to aggravated assault, a lesser offense.
Aggravated assault is a crime of intent. Where, as here, there is no proof of an intentional assault, proof of intent may be supplied by proof of conduct equiv *500 alent to culpable negligence. Preston v. State, 56 So.2d 543 (Fla.1952); Cannon v. State, 91 Fla. 214, 107 So. 360 (1926); DuPree v. State, 310 So.2d 396 (2nd DCA Fla.1975). Appellant contends that the evidence is insufficient as a matter of law to sustain a finding of culpable negligence. We conclude that this contention has merit and is dispositive of the appeal.
The collision occurred on a clear dry night in the southbound lanes of a divided four-lane limited access highway in Orange County, Florida known as John Young Parkway. Appellant, southbound on the parkway, was approaching the intersection of Silverstar Road, an undivided two-lane road running in an east and west direction. At the same time, the decedent, operating a small compact automobile northbound on John Young Parkway, was also approaching the intersection. Flow of traffic at the intersection was regulated by a series of traffic control lights which at the time of the collision indicated green for north and south traffic and red for east and west traffic. When decedent reached the intersection with Silverstar Road, she turned left on to Silverstar Road and proceeded without stopping into the intersection with the southbound lanes of John Young Parkway, where her automobile was struck on the right side by the automobile operated by appellant. Immediately prior to the collision, appellant sounded his horn, applied his brakes and swerved from the left-hand to the right-hand southbound lane in an attempt to avoid the collision. The speed limit at this point was 65 miles per hour. One eye-witness estimated appellant’s speed at 45 miles per hour while two others, driving southbound vehicles passed by appellant just before the collision, described his speed simply as “very very fast”. The only evidence relating at all to intoxication was the testimony of one police officer that he detected about the person and automobile of the appellant the smell associated with the impurities found in alcoholic beverages.
The foregoing facts, stated most favorably to the state, fall far short of those which in numerous cases the courts of this state have found to he legally insufficient to sustain a conviction of manslaughter by culpable negligence. See, Smith v. State, 65 So.2d 303 (Fla.1953); Maxey v. State, 64 So.2d 677 (Fla.1953); Preston v. State, supra; DuPree v. State, supra; Peel v. State, 291 So.2d 226 (1st DCA Fla.1974); Scarborough v. State, 188 So.2d 877 (2nd DCA Fla.1966); Day v. State, 154 So.2d 340 (2nd DCA Fla.1963); Grimley v. State, 114 So.2d 630 (1st DCA Fla.1959); Jackson v. State, 100 So.2d 839 (1st DCA Fla.1958); Fowlkes v. State, 100 So.2d 826 (3rd DCA Fla.1957).
We conclude that appellant was entitled to a judgment of acquittal on the count charging manslaughter by culpable negligence, including the several lesser included offenses thereunder. This conclusion makes it unnecessary for us to consider the remaining points which appellant has raised on this appeal. The judgment is reversed and this cause remanded with instructions that appellant be discharged.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.