[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10616
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-00006-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED SOMERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 14, 2014)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Fred Somers appeals his convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871.  On

appeal, Somers argues that: (1) the district court plainly erred by involving itself in his plea negotiations, in violation of Fed.R.Crim.P. 11(c)(1); and (2) the court erred by denying his motions to suppress evidence obtained from a warrantless search of his cell phone, as well as statements he made to law enforcement during and after his arrest.  After careful review, we affirm.

Where, as here, the defendant fails to object to an asserted Rule 11(c)(1) violation before the district court, we review for plain error.  See United States v. Castro, 736 F.3d 1308, 1313 (11th Cir. 2013), cert. denied, 134 S.Ct. 1331 (2014). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  It is "the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Chau, 426 F.3d 1318, 1322 (11th Cir 2005) (quotations omitted).  A defendant's substantial rights are affected if there is a reasonable probability of a different result in the absence of the plain error.  United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005).

2

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error, and its application of the law to those facts de novo. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). A factual finding is clearly erroneous only if, after we review the evidence, we are left with the definite and firm conviction that a mistake has been committed. United States v. Villarreal, 613 F.3d 1344, 1349 (11th Cir. 2010). Further, in reviewing the district court's ruling, we construe the facts in the light most favorable to the prevailing party below. United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006). We also accord great deference to the district court's credibility determinations. United States v. Clay, 376 F.3d 1296, 1302 (11th Cir. 2004). "The credibility of a witness is in the province of the factfinder, and we will not ordinarily review the factfinder's determination of credibility." United States v. Brown, 415 F.3d 1257, 1267 (11th Cir. 2005) (quotations omitted). "In other words, we must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (quotations and brackets omitted).

First, we are unpersuaded by Somers's argument that the district court plainly erred by involving itself in his plea negotiations. Federal Rule of Criminal Procedure 11(c)(1) provides that the government and the defendant may discuss

3

and reach a plea agreement, but "[t]he court must not participate in these discussions."  Recently, in United States v. Davila, 133 S.Ct. 2139, 2147-48 (2013), the Supreme Court addressed violations of Rule 11(c)(1) in the context of plain-error review.  Davila instructs that "when a defendant does not complain to the district court about its participation in plea discussions, a reviewing court should consider whether it was reasonably probable that, but for the exhortations of the district court, the defendant would have exercised his right to go to trial." Castro, 736 F.3d at 1313 (quotations and alterations omitted); see Davila, 133 S.Ct. at 2150.  We review the entire record to decide what effect the district court's participation had on the defendant's guilty plea.  Castro, 736 F.3d at 1313.

In Castro, we held that the district court's statements to the defendant did not constitute plain error because the record did not show that, but for the district court's statements, the defendant would have rejected the plea agreement.  Id. at 1313-15.  The defendant in Castro initially entered into a written plea agreement with the government, but later, on the day of his change of plea hearing, told counsel that he no longer wished to plead guilty.  Id. at 1310.  After the defendant expressed to the district his desire to not plead guilty, the court advised him that, "if you don't plead today[,] [the government] may charge you with other things that will make your sentence even more severe."  Id. at 1310-11 (quotations omitted).  Following the court's comments, the defendant decided to enter a plea of

4

guilty in accordance with the original plea agreement. Id. at 1311-12. In concluding that the district court's comment did not satisfy the plain-error standard, we reasoned that, while it was arguable that the court's comment influenced the defendant's decision to plead guilty, he could not meet the prejudice prong of plain-error review based on the "speculative standard of what is arguable." Id. at 1314 (quotations omitted). Specifically, we determined that the timing of the defendant's decision to plead guilty was not dispositive, and that he had failed to otherwise explain how the court's comment affected his decision. Id.

Here, the district court did not plainly err by impermissibly involving itself in Somers's plea negotiations. First, Somers has failed to satisfy the first prong of plain-error analysis, i.e., that the district court committed an error by participating in his plea negotiations. As the record shows, the court repeatedly said, throughout the various stages of the proceedings, that it did not care whether Somers pled guilty or went to trial, that it would not participate in the parties' plea negotiations, and that it was forbidden by law from doing so. Furthermore, unlike the court in Castro, the district court did not comment on the effect that Somers's plea decision would have on his sentence. As a result, the court did not err by violating Rule 11(c)(1), and Somers cannot satisfy the first prong of the plain-error standard.

But even assuming, arguendo, that the district court did err by participating in the parties' plea negotiations, the error, if any, was not "plain." Neither our

precedent nor the precedent of the Supreme Court establishes that any of the district court's comments violated Rule 11(c)(1).  Moreover, even assuming, arguendo, that the district court committed error that was plain, the error did not affect Somers's substantial rights.  A review of the record shows that, on multiple occasions, Somers indicated to the district court that he desired to plead guilty, so long as the court found that he did not qualify for a sentencing enhancement under the Armed Career Criminal Act.  He also indicated to the court at his change of plea hearing that he did not think he had a strong defense.  Thus, it was not reasonably probable that, but for the district court's comments, Somers would have elected to go to trial.

We also find no merit to Somers's claim that the court erred by denying his motions to suppress.  The Fourth Amendment provides for the right to be free of unreasonable searches and seizures and mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  U.S. Const. amend. IV. Under the exclusionary rule, evidence "derived from" police misconduct is subject to exclusion as "fruit of the poisonous tree."  United States v. Terzado-Madruga, 897 F.2d 1099, 1112 (11th Cir. 1990) (quotations omitted).

However, the exclusionary rule has several exceptions, including, among others, the independent source doctrine.  See id. at 1115.  The independent source doctrine deems evidence admissible "if the prosecution can show that it derived

6

from a lawful source independent of the illegal conduct. . . . The critical inquiry under the independent source doctrine is whether the challenged evidence was obtained from lawful sources and by lawful means independent of the police misconduct." Id. (quotations omitted). When police officers obtain a search warrant and seize evidence after having conducted an unlawful search, we must assess whether the search warrant affidavit, excluding any information obtained during the unlawful search, contains other information that supports the issuance of the warrant based on probable cause. United States v. Chaves, 169 F.3d 687, 692-93 (11th Cir. 1999) (relating to officers' unlawful entry into a warehouse and subsequent decision to seek a search warrant based on information they learned before and during the unlawful entry). The agents must not have sought the search warrant based on what they learned from the unlawful search. Id.

"Probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quotations omitted). "[P]robable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). To determine whether probable cause exists to issue a search warrant, the magistrate judge must "make a

practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. We afford "great deference to a lower court's determination that the totality of the circumstances supported a finding of probable cause." United States v. Steiger, 318 F.3d 1039, 1046 (11th Cir. 2003) (quotations omitted).

In this case, the district court did not err in denying Somers's motion to suppress the evidence obtained from his cell phone. Specifically, the court did not err by concluding that, independent of the initial warrantless search of Somers's phone, probable cause existed to support the later search of the phone pursuant to the state and federal search warrants. The evidence at the suppression hearing showed that Somers had contacted a woman on his phone while she had a restraining order against him, told her that he was going to kill himself, and was in possession of a sawed-off shotgun. Based on the totality of the circumstances, the court did not err in concluding that there was a "fair probability" that evidence of a crime would be found on Somers's phone. Additionally, the evidence relayed above was not obtained via any police misconduct but, rather, was obtained prior to the warrantless search of Somers's phone. Furthermore, the probable-cause affidavits in support of the search warrants were not based on any information obtained during the warrantless search of the phone. Accordingly, the district

court did not err in denying Somers's motion to suppress evidence obtained from his cell phone.

Nor did the district court err in denying Somers's motion to suppress his statements made to law enforcement during and after his arrest. The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend. V.  The Supreme Court, in Miranda v. Arizona, 384 U.S. 436 (1966), "established that custodial interrogation cannot occur before a suspect is warned of [his] rights against self-incrimination." United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007).  Under Miranda, an individual in custody, before being questioned by the police, must be "clearly informed" that he has, among other rights, "the right to consult with a lawyer and to have the lawyer with him during interrogation."  384 U.S. at 471. "Interrogation" occurs whenever a person in custody is subjected to express questioning or its functional equivalent.  Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980).  Statements made in violation of Miranda are not admissible at trial. Miranda, 384 U.S. at 444-45.

The Supreme Court has recognized that not "all statements obtained by the police after a person has been taken into custody are to be considered the product of interrogation."  Innis, 446 U.S. at 299.  Rather, volunteered statements that are given freely are admissible in evidence.  Id. at 299-300.

9

Here, the district court did not err by denying Somers's motion to suppress the statements he made to law enforcement during and after his arrest. First, notwithstanding Somers's arguments to the contrary, the court did not clearly err in finding the law enforcement officers' testimony at the suppression hearing credible. Each of the three officers who testified indicated that Somers's statements, made during and after his arrest, were made after he had been read his Miranda rights and were not in response to any questioning. Somers, in turn, testified that his statements were made in response to police interrogation. Credibility determinations are in the province of the district court, and there is nothing in the record to suggest that the officers' testimony was "contrary to the laws of nature" or was "so inconsistent or improbable on its face that no reasonable factfinder could accept it." Therefore, according "great deference" to the district court, we accept the court's finding that the officers' testimony was credible. Accordingly, because the officers' testimony established that Somers's statements were voluntarily given and were not in response to police questioning, the district court did not err in denying his motion to suppress those statements.

**AFFIRMED.**

10