[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11484
Non-Argument Calendar

_____

D.C. Docket Nos. 4:16-cv-00017-RH-MJF; 4:12-cr-00006-RH-MJF-1

FRED SOMERS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**ON PETITION FOR REHEARING**

(September 28, 2021)

Before JILL PRYOR, ANDERSON and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

In Somers v. United States, 799 F. App'x 691 (11th Cir. 2020) ("Somers I"), issued on January 14, 2020, we affirmed the district court's denial of appellant Fred Somers's 28 U.S.C. § 2255 motion to vacate his sentence. We held that Somers's Florida aggravated assault conviction, see Fla. Stat. § 784.021, qualified as a violent felony under the Armed Career Criminal Act's ("ACCA") elements clause, 18 U.S.C. § 924(e)(2)(B)(i). After Somers filed a petition for rehearing, we held issuance of the mandate in abeyance pending the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021). After Borden was decided, we asked the parties for further briefing about its effect on Somers I and on the precedent on which we relied, Turner v. Warden Coleman FCI, 709 F.3d 1328, 1337–38 (11th Cir. 2013), abrogated on other grounds by Johnson v. United States, 576 U.S. 591 (2015). In supplemental briefing, Somers claims that the ACCA's elements clause applies only to specific-intent crimes, and that Florida aggravated assault is not a specific-intent crime. Though the Florida aggravated assault statute does not use the phrase "specific intent," the government in substance argues that the specific intent to threaten another is an element of Florida aggravated assault. To facilitate full consideration of these questions, we grant the petition for rehearing, vacate our previous opinion and judgment in Somers I, substitute this opinion in its place, and certify to the Florida Supreme Court two related questions about the nature of the Florida assault statutes.

2

## I.

Because the facts and procedural setting have not changed since our initial opinion in this case, we reproduce the portions describing them in their entirety:

> Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has three or more prior convictions for a "violent felony" or "serious drug offense" faces a mandatory minimum 15-year sentence. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
>
> 18 U.S.C. § 924(e)(2)(B). The first prong of this definition is referred to as the "elements clause," while the second prong contains the "enumerated crimes" and "residual clause." United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012). In Johnson [] the Supreme Court struck down the residual clause as unconstitutionally vague. [576 U.S. at 595–602.] In holding that the residual clause was void, the Supreme Court clarified that it did not call into question the application of the elements clause. Id. at [604–05]. It later held that Johnson announced a new substantive rule that applied retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).
>
> To qualify as a violent felony under the ACCA's elements clause, a conviction must have as an element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. § 924(e)(2)(B)(i). We employ the categorical approach to determine whether a conviction necessarily requires the use or threatened use of physical force, looking only at the required elements of a defendant's prior offenses, and not to the particular facts

3

underlying those convictions.  United States v. Jones, 906 F.3d 1325, 1328 (11th Cir. 2018), cert. denied, 139 S. Ct. 1202 (2019).  A crime is categorically a violent felony under the elements clause if even the least of the culpable conduct criminalized by the statute would fall within the ACCA definition.  Id.

In Florida, an aggravated assault is an assault (a) with a deadly weapon without intent to kill, or (b) with an intent to commit a felony . Fla. Stat. § 784.021.  An assault is defined as an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.  Fla. Stat. § 784.011.

In 2013, we held that a movant's Florida conviction for aggravated assault qualified as a violent felony under the ACCA's elements clause.  Turner, 709 F.3d [at 1337–38], abrogated on other grounds by Johnson, [576 U.S. 591].  We reasoned, first, that aggravated assault, by its definitional terms, necessar[il]y included an assault, which is an intentional and unlawful threat "to do violence" to the person of another.  Id. at 1338.  We further concluded that aggravated assault necessarily included as an element the "threatened use of physical force against the person of another."  Id.

In United States v. Golden, we affirmed the defendant's sentence because Turner, as binding precedent, foreclosed the argument that his conviction for aggravated assault was not a violent felony.  854 F.3d 1256, 1256–57 (11th Cir. 2017); see also [United States v.] Deshazior, 882 F.3d 1352, 1355 (holding that a defendant's argument that Florida aggravated assault is not a violent felony for purposes of the ACCA is foreclosed by Turner).  We said in Golden that, even if Turner was flawed, that did not give a later panel authority to disregard it.  Golden, 854 F.3d at 1257.

Somers I, 799 F. App'x at 692–93.  In Somers I, we followed Turner and Golden

to hold that Florida aggravated assault was a violent felony under the ACCA

elements clause and, therefore, we affirmed the district court's decision to rely on

this conviction as one of three necessary violent felony predicates to support the application of the ACCA's fifteen-year mandatory minimum to Somers's sentence. Id. at 693. According to the Presentence Investigation Report in this case, without the ACCA mandatory minimum, Somers's sentencing guidelines range would have been 130 to 162 months.

II.

Recently, in Borden, the Supreme Court clarified the meaning of the phrase "against the person of another" as used in the ACCA elements clause. We've described Borden this way:

> In Borden, the Supreme Court held that the phrase "use . . . against the person of another" in the ACCA's elements clause "sets out a mens rea requirement -- of purposeful or knowing conduct." Borden, 141 S. Ct. at 1828, 1829 n.6 (plurality opinion). The elements clause "demands that the perpetrator direct his action at, or target, another individual." Id. at 1825. A crime that can be committed with a mens rea of mere recklessness therefore cannot qualify as a crime of violence under the elements clause -- "[r]eckless conduct is not aimed in [the] prescribed manner." Id.; see also id. at 1833 ("'[A]gainst the person of another,' when modifying the 'use of physical force,' introduces that action's conscious object. So it excludes conduct, like recklessness, that is not directed or targeted at another.") (citation omitted).

United States v. Carter, 7 F.4th 1039, 1045 (11th Cir. 2021). Borden held that Tennessee reckless aggravated assault, which can be accomplished with a mens rea

5

of recklessness, was not a violent felony under the elements clause. 131 S. Ct. at 1822, 1825.

In supplemental briefing, Somers characterizes Borden as having held that to meet the elements clause definition of violent felony, an offense must require more than general intent in the sense of a mere "intent to commit the act." See 1 Wayne R. LaFave, Substantive Criminal Law § 5.2(e) (3d ed. Oct. 2020 update) (In "the most common usage," "general intent is only the intention to make the bodily movement which constitutes the act which the crime requires." (internal quotation marks omitted)). According to Somers, Borden holds that the elements clause requires specific intent. Specific intent is most commonly understood as "designat[ing] a special mental element which is required above and beyond any mental state required with respect to the actus reus of the crime." LaFave, supra, § 5.2(e).

Notably, the Borden plurality did not use the phrase "specific intent," as Somers suggests. Rather, the Borden plurality held that the elements-clause phrase "against the person of another" requires that the subject of the verb that phrase is modifying -- either the "use, attempted use, or threatened use of force" -- not only use, attempt, or threaten force volitionally, but also "direct his action at, or target, another individual." 141 S. Ct. at 1825; see also 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as a crime punishable by more than one year that "has as

6

an element the use, attempted use, or threatened use of physical force against the person of another"). Put another way, the elements clause requires both the general intent to volitionally take the action of using, attempting to use, or threating to use force and something more: that the defendant direct the action at a target, namely another person. Specific intent to direct action at another satisfies this latter requirement, as does "knowing conduct." Borden, 141 S. Ct. at 1828 (holding that the elements clause's "against the person of another" phrase "sets out a mens rea requirement -- of purposeful or knowing conduct").[1]

Thus, if Florida aggravated assault requires a mens rea of specific intent to use, attempt to use, or threaten to use physical force against the person of another, then Florida aggravated assault qualifies as an ACCA violent felony predicate and Somers's ACCA-enhanced sentence must stand. If not, Somers would be entitled

---

[1] Justice Thomas concurred in the judgment on the ground that the phrase "use of physical force," all by itself without any assistance from the "against" phrase, "has a well-understood meaning applying only to intentional acts designed to cause harm." Borden, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment) (internal quotation marks and citation omitted). "[W]e determine the holding of split decisions . . . by looking to the 'narrowest grounds' of agreement among the members of the Court who concurred in the judgment." Reprod. Health Servs. v. Strange, 3 F. 4th 1240, 1259 n.6 (11th Cir. 2021) (citing Marks v. United States, 430 U.S. 188, 193 (1977)). Both Justice Thomas and the members of the plurality agreed that the elements clause requires more than general intent in the sense of a mere volitional act. See Borden, 141 S. Ct. at 1835 (Thomas, J., concurring in the judgment) (the elements clause extends only to crimes that involve "intentional acts designed to cause harm") (emphasis added); id. at 1829 n.6 (plurality opinion) ("Four Justices think that the 'use' phrase, as modified by the 'against' phrase, in ACCA's elements clause excludes reckless conduct. [Justice Thomas] thinks, consistent with his previously stated view, that the 'use' phrase alone accomplishes that result. And that makes five to answer the question presented. Q: Does the elements clause exclude reckless conduct? A: Yes, it does.") (citation omitted).

to re-sentencing. Florida aggravated assault incorporates the Florida simple assault statute, the text of which lays out three elements of assault: (1) "an intentional, unlawful threat by word or act to do violence to the person of another," (2) that is "coupled with an apparent ability to do so," and (3) "doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. The most natural reading of the first element's text requires the specific intent to threaten another person with violence: it defines assault as "an intentional . . . . threat . . . to do violence to the person of another." Indeed, Turner (and by proxy, Golden and Somers I) relied on this text to hold that Florida aggravated assault always includes a threat to use physical force against the person of another and therefore meets the elements clause definition of "violent felony." Of course, in determining the elements of a state crime for federal sentencing purposes, we are "bound by [state] courts' determination and construction of the substantive elements of [the] state offense." United States v. Rosales-Bruno, 676 F.3d 1017, 1021 (11th Cir. 2012) (emphasis added). "[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." United States v. Hill, 799 F.3d 1318, 1322 (11th Cir. 2015).

8

The Florida Supreme Court has not answered the question of whether Florida aggravated assault requires specific intent, or something just like it (e.g., "purposeful or knowing conduct," Borden, 141 S. Ct. at 1828). Panel decisions from each of Florida's intermediate appellate courts seem to support the plain reading of the text; they have confirmed, in words or substance, that a specific intent to threaten another person is indeed a necessary element of simple assault. See, e.g., Swift v. State, 973 So. 2d 1196, 1199 (Fla. 2d DCA 2008) (reversing aggravated assault on a law enforcement[2] officer conviction because the evidence "did not tend to establish that [the defendant] had a specific intent to threaten [the officer]"); Denard v. State, 30 So. 3d 595, 596 (Fla. 5th DCA 2010) (reversing aggravated assault conviction because "the evidence [did] not establish that [the defendant] had the specific intent to threaten" the victim); J.S. v. State, 207 So. 3d 903, 905 (Fla. 4th DCA 2017) ("The issue in this case is focused on the first element [of assault]: did the appellant intend to threaten the victim? In this case, there is no evidence that appellant verbally 'threatened' the victim. The case therefore rises or falls on whether there was an overt act that the [defendant] intentionally threatened the victim."); Williams v. State, 238 So. 3d 915, 916 (Fla. 1st DCA 2018) ("[T]he first question [for an aggravated assault conviction] is

---

[2] This offense, like the general aggravated assault statute, incorporates simple assault. See Swift, 973 So. 2d at 1199.

9

whether a reasonable jury could have concluded from the evidence that Williams intentionally and unlawfully threatened Dixon and Byrd 'by word or act.'"); State v. Conroy, 118 So. 3d 305, 312 n.10 (Fla. 3d DCA 2013) ("Because attempted first degree murder and aggravated assault are each a specific intent crime, the requisite intent must be directed toward a specific victim . . . .").

Thus, in Swift, Florida's Second District Court of Appeal reversed an aggravated assault on a law enforcement officer conviction for backing an SUV toward a police officer because the state "was unable to establish that [the defendant] knew that [the victim officer] had run behind the SUV during the minimal amount of time that elapsed" before the defendant put his SUV in reverse. 973 So. 2d at 1199. Since the state could not prove that the defendant knew the officer was standing behind his car, it could not prove that the defendant specifically intended to threaten the officer by reversing the car. Id. And in J.S., the Fourth District Court of Appeal held that an assault had not been proven because "no evidence was introduced that would support a finding that the appellant intentionally threatened the victim." 207 So. 3d at 906. See also Benitez v. State, 901 So. 2d 935, 937 (Fla. 4th DCA 2005) (reversing aggravated assault on a law enforcement officer conviction because "the defendant's act of placing his hand behind his back, while alarming to the deputy, [was] not substantial, competent evidence the defendant intentionally and unlawfully threatened the

deputy"); Pinkney v. State, 74 So. 3d 572, 577 n.3 (Fla. 2d DCA 2011)

(concluding that Swift's "reasoning" -- reversing a conviction because there was

insufficient evidence that the defendant "had intentionally threatened the officer" --

"is ultimately correct").  If these decisions correctly state the elements of Florida

simple assault, the offense requires the specific intent to direct a threat of violence

at the person of another and therefore satisfies Borden's interpretation of the

ACCA elements clause.

However, some intermediate Florida appellate courts have explicated

Florida's law of aggravated assault in a different way.  Thus, in Kelly v. State

Florida's Fifth District Court of Appeal upheld an aggravated assault conviction

for shooting into an occupied vehicle because the evidence established that the

defendant knew the victim was in the car and that the defendant's "actions . . .

involved criminal conduct directed toward a victim."  552 So. 2d 206, 208 (Fla. 5th

DCA), rev. denied, 563 So. 2d 632 (Fla. 1990).  Along the way, the court

explained its ruling in this way:

> Aggravated assault is a crime of intent.  Where, as here, there is no
> proof of an intentional assault on the victim, that proof may be
> supplied by proof of conduct equivalent to culpable negligence, Green
> v. State, 315 So.2d 499 (Fla. 4th DCA 1975), or by proof of willful
> and reckless disregard for the safety of others.  Dupree v. State, 310
> So.2d 396 (Fla. 2d DCA 1975).

In LaValley v. State, 633 So. 2d 1126, 1128 (Fla. 5th DCA 1994), the Fifth District

Court of Appeal relied upon Kelly to again state that "'willful and reckless

11

disregard for the safety of others' could substitute for proof of intentional assault on the victim." To the extent Kelly and LaValley hold that aggravated assault can be proven without evidence of an intentional threat to do violence to another, they suggest that Florida's aggravated assault statute could not meet the ACCA elements clause's definition of violent felony.

Thus, as we see it, there is a split in Florida authority on the mens rea required by the Florida assault statutes.[3] This issue controls the resolution of Somers's case and may affect others similarly situated, so we respectfully seek the guidance of the Florida Supreme Court on this pivotal question. See United States v. Conage, 976 F.3d 1244, 1263 (11th Cir. 2020) ("[T]his Court has found certification to the Florida Supreme Court warranted where an appeal 'depends on resolution of questions of unsettled Florida law' that 'will affect many other cases.'") (citation omitted). "The certification procedure is 'a valuable tool' that 'helps save time, energy, and resources and produces authoritative answers to novel or unsettled questions of state law.'" Id. (citation omitted). "Florida's

---

[3] In State v. Hackley, 95 So. 3d 94 (Fla. 2012), the Florida Supreme Court held that a conviction for burglary of a conveyance with an assault met the definition of Florida's prison release reoffender statute, which extends to "[a]ny felony that involves the use or threat of physical force or violence against an individual." Fla. Stat. § 775.082(9)(a)1(o) (2006). The Court reasoned that "assault is a felony that necessarily involves the 'threat by word or act to do violence to the person of another'" and noted that an assault "by definition . . . always includes the threat to do violence." Hackley, 95 So. 3d at 94, 96. While the statutory definition at issue in Hackley is similar to the ACCA elements clause before us today, Hackley relied on the "plain language" of the assault statute and did not definitively answer whether assault requires a specific intent. See id. at 94.

constitution expressly provides for certification to the Florida Supreme Court of state law questions that are 'determinative of the cause and for which there is no controlling precedent of the supreme court of Florida.'" Id. (quoting Fla. Const. art. V, § 3(b)(6)); see also Fla. Stat. § 25.031; Fla. R. App. P. 9.150.

Accordingly, we certify to the Florida Supreme Court the following questions of law:

> 1.  Does the first element of assault as defined in Fla. Stat. § 784.011(1) -- "an intentional, unlawful threat by word or act to do violence to the person of another" -- require specific intent?
>
> 2.  If not, what is the mens rea required to prove that element of the statute?

"Our statement of the certified questions is merely suggestive and is not meant to limit the inquiry of the Florida Supreme Court." Conage, 976 F.3d at 1263 ("As this Court has explained many times, 'the particular phrasing used in the certified question[s] is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case.'") (citation omitted).

**OPINION AND JUDGMENT VACATED AND QUESTIONS CERTIFIED.**