[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 19-10948

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTWOYN ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60204-WPD-1

_____

## ON REMAND FROM THE SUPREME COURT
## OF THE UNITED STATES

Before NEWSOM and ANDERSON, Circuit Judges.[1]

PER CURIAM:

The Supreme Court vacated and remanded our September 19, 2019, opinion affirming the district court's sentence of Antwoyn Anderson to 235-months imprisonment for reconsideration in light of *Borden v. United States*, 593 U.S. 686, 141 S. Ct. 1817 (2021). After remand, Anderson filed a petition for initial en banc rehearing of the remanded *Borden* issue. By separate order, this Court has entered an order denying the Petition for Hearing En Banc, leaving this panel to decide this case.

In our original opinion, we rejected Anderson's argument that the district court erred when it used his prior conviction for Florida aggravated assault as a predicate violent felony under the Armed Career Criminals Act ("ACCA") elements clause, 18 U.S.C. § 924(e). *United States v. Anderson*, 777 F. App'x. 482 (11th Cir. 2019). We relied on our earlier precedent that had already decided this issue. *Id.* at 483 (citing *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337-39 (11th Cir. 2013) *abrogated on other grounds by United States v. Hill*, 799 F.3d 1318, 1321 n.1 (11th Cir. 2015)).

---

[1] Although United States Circuit Judge Beverly B. Martin was on the original panel in this case, she retired as an Article III Judge in September 2021. Accordingly, we decide this case by a quorum. *See* 11th Cir. R. 34–2.

In *Borden*, the United States Supreme Court held that a criminal offense that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" under the ACCA. *Borden*, 593 U.S. at ___, 141 S. Ct. at 1821–22. In light of this holding, this Court certified questions to the Florida Supreme Court regarding the *mens rea* required for a Florida aggravated assault conviction. *Somers v. United States*, 15 F.4th 1049 (2021). The Florida Supreme Court held the Florida's aggravated assault statute demands the specific intent to direct a threat at another person and therefore cannot be violated by a reckless act. *Somers v. United States*, 355 So. 3d 887, 891 (Fla. 2022). Based on the Florida Supreme Court's answer to our certified questions that aggravated assault under Florida law requires a *mens rea* of at least knowing conduct, we held aggravated assault under Florida law qualifies as an ACCA predicate offense under *Borden*. *Somers v. United States*, ___ F.4th ___, 2023 WL 3067033, at *1 (11th Cir. Apr. 25, 2023).

Because it is clear that Florida's aggravated assault conviction requires a mens rea of at least knowing conduct (i.e. more than reckless conduct), we hold that Anderson's prior convictions under Florida's aggravated assault statute qualify to enhance Anderson's sentence under ACCA. This holding is consistent with the Supreme Court's decision in *Borden*.[2]

---

[2] In two F.R.A.P. 28(j) Citations of Supplemental Authorities filed after the remand of this case from the Supreme Court, Anderson attempts for the first time to raise a new issue based on the fact that the Supreme Court has granted certiorari in our *Jackson* decision. *See United States v. Jackson*, 55 F.4th 846, 853 (11th Cir. 2022) (emphasis in original), *cert. granted*, ─── U.S. ───, 2023 WL

4                     Opinion of the Court                19-10948

AFFIRMED.

---

3440568 (U.S. May 15, 2023).  Generally, "our prudential rule" states "that is-
sues not raised in a party's initial brief are deemed abandoned and generally
will not be considered by this Court." *See United States v. Levy*, 416 F.3d 1273,
1275 (11th Cir. 2005).  We need not definitively decide that it is appropriate to
apply our prudential rule in this case because Anderson acknowledges in his
Rule 28(j) letter that our *Jackson* decision, 55 F.3d 846, forecloses his new claim,
and also acknowledges that a grant of certiorari by the Supreme Court does
not change the law of this Circuit.